**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BISHAL DEVKOTA,

*Petitioner*,

v. No. 1:26-cv-02652-SMD-JFR

GEORGE DEDOS, *et al*.,

*Respondents*.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Bishal Devkota's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), filed on August 12, 2026. Doc. 1. Neither the Petition nor the response specifies Petitioner's country of origin, manner of entry, or whether immigration authorities had previously encountered him. Furthermore, neither party addresses whether Petitioner has a criminal history that would implicate Section 1226 or other relevant statutes. Petitioner states that he has been detained since March 22, 2025. *Id.* at 2. The parties do not dispute that Petitioner was detained in the U.S. interior.

Petitioner states that the El Paso Immigration Court denied his applications for asylum and withholding of removal on September 17, 2025. *Id.* at 3. On October 17, 2025, he appealed that decision to the Board of Immigration Appeals ("BIA"), where it remains pending. An immigration judge denied Petitioner bond on May 28, 2025, finding him to be a flight risk. *Id.* at 6. If this timeline is accurate, Petitioner has been detained for approximately 17 months as of the date of this Order, including 15 months after his initial bond denial.

The government filed an abbreviated response to Petitioner's Petition conceding that the recent Tenth Circuit ruling, *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), is binding

on this Court. Doc. 6 at 1. They further concede that the facts of this case are not materially distinguishable from those in *Santillan Quiroz* regarding which statutory provision authorizes Petitioner's detention. *Id.* However, Respondents maintain that the proper remedy is to classify Petitioner under Section 1226 and order a standard bond hearing, rather than release him. *Id.* Respondents offer no further factual allegations that would alter the due process analysis regarding Petitioner's continued detention.

## LEGAL STANDARD

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

### I. Statutory Framework: 8 U.S.C. §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies

primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *Id.* at 306.

The Tenth Circuit endorsed this Court's historic understanding of §§ 1225 and 1226, which aligned with the vast majority of district courts in this circuit, in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247. Following *Santillan Quiroz*, Respondents' argument in favor of applying § 1225 to the present case has no merit.

II. The Government's Detention of Petitioner Violates His Fifth Amendment Rights.

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459

U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and Respondents have deprived him of that interest without constitutionally adequate process.

Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore*, 538 U.S. at 527. As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santilla Quiroz*, 180 F.4th at 1249 (citation omitted). Here, the Government has offered neither justification nor process for the deprivation of Petitioner's protected liberty interest. There is no evidence that Petitioner is

a flight risk, a threat to the community, or that the Government has any interest whatsoever in his ongoing detention. The record shows that Petitioner has dutifully observed all immigration requirements while residing in the United States. The Government has therefore violated Petitioner's Fifth Amendment rights, and he is entitled to habeas relief. *Cf. Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *17 (7th Cir. July 30, 2026).

Generally, the remedy for determining that Respondents violated a petitioner's § 1226 rights would be to order an individualized bond hearing under § 1226(a). *See Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1298 (D.N.M. 2025) (requiring bond hearing within seven days of decision after determining petitioner was entitled to bond hearing under § 1226). However, immediate release is appropriate where the government fails to articulate a legitimate interest in continued detention. Because the government has failed to do so here, immediate release is the proper remedy. *See Francisco*, 2026 WL 145456, at *11. Respondents remain free to subject Petitioner to appropriate release conditions and to continue ongoing removal proceedings, provided that they comport with due process.

## CONCLUSION

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) The Request for Interim relief (Doc. 2) is **DENIED** as **MOOT**;
3) The Motion for Leave to Proceed in forma pauperis (Doc. 3) is **GRANTED**;
4) Respondents **SHALL** release Petitioner on or before September 15, 2026;
5) Respondents **SHALL** facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;

6) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

7) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures;

8) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**